Commonwealth ex rel. Voltz *v.* Voltz, Appellant.

Argued October 2, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

*Louis F. McCabe,* for appellant.

*Edward W. Leitz* did not appear or file a brief for appellee.

OPINION BY ROSS, J., November 14, 1950:

This is an appeal by a father from an order entered under the provisions of section 733 of the Act of June 24, 1939, P.L. 872, 18 PS 4733, for the support of his minor child.

The defendant and his wife, the relatrix, on November 15, 1945, entered into an agreement which provided, inter alia, that the defendant pay the sum of $25 weekly to the relatrix for the support of their son, then aged nine years, until he became 21 years of age, and in addition thereto to pay the money needed properly to clothe the son, not to exceed $200 per year, and also to pay for the education of his son in private schools. The parties were subsequently divorced and the defendant has remarried.

On May 10, 1949, the relatrix started this proceeding for support of the child and after the hearing, the court below, on December 5, 1949, entered an order "for $30.00 per week for child, as of July 18, 1949 and respondent also pay $200 a year for clothing and other incidental items as provided in the agreement".

The defendant first contends that in the absence of a showing that the agreement of November 15, 1945 was or has become "unconscionable" the court below was in error in ordering the defendant to pay more than $25 a week. In effect, the defendant argues that unless the court found the terms of the agreement to be unreasonable, it had no power to increase the amount of the weekly sum the defendant had agreed to pay for the support of his minor child. However, there is no merit in this contention. The law applicable to agreements such as in this case between husband and wife for support of a minor child is set forth by Judge HIRT in *Com. ex rel. Rossi v. Rossi*, 161 Pa. Superior Ct. 86, at pages 88 and 89, 53 A. 2d 887, at page 888: "Contracts between husband and wife, if fairly made are

generally considered binding as to them. . . . This support proceeding is not an action brought to enforce the performance of a contractual obligation. It is a quasi-criminal proceeding brought by the minor child in the name of the Commonwealth, though at the relation or on the information, of the child's mother. The relationship of parent and child is a status—not a property right (Com. ex rel. Teitelbaum v. Teitelbaum, 160 Pa. Superior Ct. 286, 50 A. 2d 713) and a mother cannot, by contract, bargain away the right of her minor child to adequate support, to the relief of the father, irrespective of the legality of the agreement between the parents themselves. Com. ex rel. Rey v. Rey, 159 Pa. Superior Ct. 284, 286, 48 A. 2d 131; Com. v. Reckefus, 92 Pa. Superior Ct. 117."

As a basis for increasing the amount of the weekly payment to be made by the defendant, the court below found that "the respondent's financial position has improved somewhat in the last few years" and that "he is able to contribute a slightly larger amount each week for the support of his minor child", basing his finding on defendant's testimony that at the time of the agreement his income was "five or six thousand dollars net" and in 1948, the last full year before this proceeding was heard, his net income was $8,454.94.

In nonsupport cases we do not interfere with the determination of the court below unless there is a clear abuse of discretion. *Com. ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 21 A. 2d 236. In *Com v. Surovitz*, 148 Pa. Superior Ct. 342, 25 A. 2d 761, at page 346, Judge BALDRIGE, speaking for this Court, said: "The primary duty rests upon the trial judge in determining what is a reasonable and proper sum to award for the support of a . . . [child], and unless there appears a clear abuse of discretion we are not disposed to disturb the order and substitute our judgment for his: Commonwealth ex rel. v. Betts, 76 Pa.

Superior Ct. 96, 97; Commonwealth v. Leonard, 93 Pa. Superior Ct. 21, 22." On the record before us in this case we find no "clear abuse of discretion" on the part of the trial judge and, therefore, will not "substitute our judgment for his".

The defendant contends that in any event the court did not have the power to enter an order on December 5, 1949, directing the defendant to pay $30 a week as of July 18, 1949, the date of the hearing. This contention is sound. The court had no power to enter an order for support which would be retroactively in effect prior to the entry of the order. *Com. v. Elliott*, 157 Pa. Superior Ct. 619, 43 A. 2d 630. The order should be made effective only from the date of its entry and must, therefore, be modified accordingly.

As modified, the order is affirmed.