## Sheffit *v.* Koff, Appellant.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Raymond Pearlstine,* with him *Wisler, Pearlstine, Talone & Gerber* and *Cassin & Craig,* for appellants.

*Moe Henry Hankin,* with him *Benjamin R. Shanken* and *Hankin, Hankin & Shanken,* for appellee.

OPINION BY GUNTHER, J., November 16, 1953:

This is an action in equity to set aside a conveyance alleged to be fraudulent. The chancellor decreed the conveyance to be a fraud on the plaintiff and authorized a lien to be entered against the property. Both defendants have appealed.

On August 19, 1949, the plaintiff, a contractor, made a written contract with the defendant, Melvin H. Koff, to repair the Glenside Theatre, then owned by Koff. In January, 1951, plaintiff sued Koff in assumpsit for the balance due on the contract, and obtained a default judgment for $1,968.80. When a levy was made on the theatre premises, the defendant, Glenside Theatre Corporation, filed a property claim averring it had title. This suit followed.

The evidence disclosed the following facts. On September 20, 1949, a few weeks after the contract was signed, the Glenside Theatre Corporation was formed. On September 29, 1949, Koff conveyed the theatre premises to the Corporation and received therefore all the issued stock, which he thereupon assigned as collateral to his brother-in-law, Harry Waxman, who was

advancing money for the repairs. At the same time, Koff procured a $75,000 mortgage on the premises, which was subsequently assigned to Waxman and assumed by the corporation. Koff's only other property at the time of the conveyance was a one-quarter interest in a piece of real estate in Delaware County and a one-quarter interest in the stock of another theatre, also in Delaware County. He had no personal bank account and his automobile was in his wife's name.

The chancellor based his decree on §7 of the Uniform Fraudulent Conveyance Act, May 21, 1921, P. L. 1045, 39 PS §357, which reads "Every conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent. . ."

The defendants raise three objections to this decree. First they maintain that plaintiff's complaint alleged only a violation of §4 of the Uniform Fraudulent Conveyance Act, and not of §7, and that proof was limited to §4. That section of the Act, 39 PS §354, refers to conveyances without a fair consideration by an insolvent or which will render one insolvent, regardless of actual intent. The chancellor specifically negatived proof of a cause of action under §4 by finding that the conveyance was for a fair consideration and did not render Koff insolvent.

Statutes need not be specifically pleaded, but the complaint must set forth sufficient facts to bring the case within the statute in question. *Goldberg v. Friedrich,* 279 Pa. 572, 124 A. 186. The complaint in this case alleged "That the defendant, Glenside Theatre Corporation, paid no fair consideration therefore and the purchaser knew at the aforesaid time that the defendant, Melvin H. Koff, made the conveyance to them in order to try and prevent the application of the said premises to the payment of the debt to plain-

tiff and knew that the conveyance to them of the said property would render the defendant Melvin H. Koff insolvent," and also that "the said conveyance was made in fraud of the rights of the plaintiff." Although a poorly phrased complaint, it is sufficiently worded so as to put defendants on notice to defend both a charge of actual intent to hinder or defraud under §7 and a charge of insolvency under §4. It is significant that defendant's answer includes the averment that "said transfer was not made with the intent to defraud the Plaintiff." Such an averment seems clearly to indicate defendant's intention to deny actual intent to defraud, as opposed to presumed intent due to insolvency. Although defendants now urge that they were misled in preparing a defense, the evidence discloses that they presented a full picture of the transaction with explanations which, if believed, would have refuted the charge of actual intent to defraud.

Defendant's second contention is that the evidence was insufficient to warrant the conclusion of fraud. It is their contention that the conveyance was part of a normal business transaction consummated in order to protect Mr. Waxman because he had advanced large sums of money to Koff and had endorsed the mortgage. However, examination of all the circumstances taken together leads us to a different conclusion. Koff, by this conveyance, stripped himself of all assets except those in Delaware County. The corporation was formed and the conveyance made only a month after the plaintiff began work on the theatre. Koff continued to operate the theatre and never disaffirmed the obvious inference that he remained the owner. He never maintained a personal checking account, although his income for 1949 was reported at about $28,000; on the contrary, he used the corporation account for his own purposes and signed all corporation checks himself.

When the plaintiff instituted suit, Koff failed to file an answer, giving rise to the inference that he had no defense and felt secure from execution. Since fraud is usually denied, it must be inferred from all facts and circumstances surrounding the conveyance, including subsequent conduct. *Iscovitz v. Filderman,* 334 Pa. 585, 6 A. 2d 270. The facts adduced in this case are more than ample to have warranted the conclusion that the conveyance was made with the intent to hinder, delay and defraud the plaintiff creditor and to make Koff execution proof.

The last point raised by defendants is that after the conveyance Koff had other assets subject to execution, thereby negativing the inference of intent to defraud by becoming execution proof. His only remaining property was a one-quarter stockholder's interest in the Darby Theatre and a one-quarter interest in real estate adjacent thereto, both in another county. Both interests were unknown to plaintiff until the hearings and the real estate was equitable since Koff was not named as grantee in the deed. Plaintiff would have had considerable difficulty in discovering the existence of these assets and even more delay and expense in levying thereon. It is also questionable as to who would purchase stock in a theatre which, it was testified, at that time was losing money. Defendants also suggest that the stock in defendant corporation was leviable, but that was under assignment as collateral, and the corporation's realty was subject to the $75,000 mortgage placed thereon during these transactions. All of Koff's alleged assets remaining were therefore of very questionable value or difficult of discovery, although technically leviable. Section 7 of the Act does not require that the debtor make himself insolvent or absolutely execution proof, but only that he convey with the intent to hinder, delay, or defraud his creditors. That

does not necessarily require insolvency or lack of a fair consideration. See *South Chester Tube Co. v. Naismith*, 73 F. 2d 13 and *Shapiro v. Wilgus*, 287 U. S. 348. It is true that many cases involve a conveyance without consideration or an insolvency, but those factors are considered as showing actual intent to defraud. The whole effect of this transaction was clearly to remove from plaintiff's grasp the likeliest asset to cover the debt, leaving only intangible and hard to discover assets of a most questionable value at sheriff's sale. To say that this resulted in hindering and delaying the recovery of a just debt is an understatement. The necessary intent is reasonably inferred from all the tangled skein of defendants' manipulations.

Decree affirmed at cost of appellants.