Atlas Credit Corporation, Appellant, *v.* Dolbow.

Argued September 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Nathan B. Feinstein,* with him *Sylvan M. Cohen, Samuel M. Tollen,* and *Cohen, Shapiro and Cohen,* for appellant.

*Peter J. Nolan,* with him *Edward D. McLaughlin,* for appellees.

OPINION BY WATKINS, J., November 16, 1960:

This appeal is from the refusal of the Court of Common Pleas of Delaware County to grant the appellant, who was the defendant in a counterclaim, a new trial or judgment n.o.v.

The facts in this matter appear to be as follows: David H. Dolbow, Olive Dolbow and Albert Dolbow, residents of the State of Delaware, purchased a boat from the Wilson Boat Company at Rehoboth, Delaware, for the sum of $5980, making a down payment of $500. Appellant, Atlas Credit Corporation, a Pennsylvania Corporation, advanced the Wilson Boat Company, the sum of $5480 and took therefor an assignment of the agreement, executed by the appellees and the Wilson Boat Company, which was called a Pennsylvania equipment lease. Under the terms of the agreement the appellees were to pay the sum of $9511.80 in equal monthly payments of $158.53 for sixty months. At the time the papers were executed the appellees executed an original and two duplicate original notes, which contained a clause for confession of judgment. The appellees took possession of the boat and made five

monthly payments under the terms of the agreement. Upon default, the appellant, Atlas Credit Corporation, repossessed the boat at its location at Rehoboth, Delaware, in January 1956. The original transaction took place on or about May 6, 1955, at which time the appellant entered judgment in Delaware under the terms of the judgment note.

The repossession of the boat by Atlas Credit Corporation was peaceable and the appellees cooperated by assisting them in transferring the United States Coast Guard Certificate of Award. After having some difficulty with the boat and requiring some repairs the boat was removed from Delaware to Essington, Pennsylvania, where in May of 1956 it was sold. It appears that the appellant had advertised generally a boat for sale and did make several attempts to secure purchasers for the boat, and after the sale credited the appellees with the amount of the purchase price. However, no specific notice was given to the appellees of the time and place of sale. Thereafter, in August of 1956, a sheriff's sale on a first mortgage on property owned by the appellees located in Delaware was had and the appellant, by virtue of the judgment note which had been entered, participated in the proceeds of this sale in the amount of $1936.76. Shortly thereafter, on August 9, 1956, the appellant entered judgment on a duplicate of the original note in the Court of Common Pleas of Delaware County, Pennsylvania, and after attachment sold a 1955 Ford Victoria of one of the appellees for the sum of One Dollar and thereafter sold to a used car dealer for the sum of One Thousand ($1000) Dollars.

As the court below put it, "This case is about a boat bought by the defendants and financed by the plaintiff. The defendants ended up by losing their down money, losing five monthly instalments, losing the

boat, losing the equity in their farm, losing their car, and still facing a deficiency judgment."

On November 28, 1956, appellees presented a petition to open the judgment entered in Delaware County. After filing an amended petition in December of 1956, hearing was held on this petition in March of 1957, testimony having been taken and at the conclusion of the hearing the lower court entered an order making absolute the rule to open the judgment which was handed down on June 20, 1958, and the lower court stated that the appellant's judgment and answer should constitute a complaint and the appellees' amended petition should constitute the answer and also allowed the appellees to file a counterclaim.

On January 31, 1958, appellees' counterclaim was filed. Thereafter, appellant filed a reply to the counterclaim which contained new matter. Appellees filed a reply to appellant's new matter and new matter which contained in essence a statement of an additional cause of action, that is, the failure of the appellant to proceed properly with the sale after repossession of the boat. The appellant raised no objection to this procedure and after a pre-trial conference the matter was heard before a jury resulting in a verdict for the appellees on the counterclaim in an amount which was apparently equivalent to $3598.21, as an award was entered in favor of the appellees in the sum of $3000.

The appellant raised five questions on this appeal, three of which question the propriety of applying the Pennsylvania law to this case and allowing a recovery by appellees under the Uniform Commercial Code, 12A PS §9-507, in light of the pleadings and circumstances surrounding the resale of the boat.

Delaware residents purchased a boat in Delaware and gave what amounted to a purchase money security interest to a Pennsylvania company, which agreement

was not filed anywhere and did not contain an agreement as to the application of the law of any specific state; the agreement called for performance in Pennsylvania and after repossession was brought to Pennsylvania and sold. This is sufficient to warrant the application of Pennsylvania law as bearing a reasonable relationship to the transaction. Act of 1953, April 6, P. L. 3, §1-105, 12A PS §1-105. "The duty for the performance of which a party to a contract is bound will be discharged by compliance with the law of the place of performance of the promise with respect to: (a) the manner of performance; (b) the time and locality of performance; (c) the person or persons by whom or to whom performance shall be made or rendered; (d) the sufficiency of performance; (e) excuse for non-performance." Restatement of the Law, Conflict of Laws, §358.

The pleading of the cause of action in the counterclaim based upon failure to comply with §9-507 of the Uniform Commercial Code, however poorly done, we find it was sufficient to sustain a verdict found thereon. Section 9-507 reads as follows:

"(1) If it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this Part. If the collateral is consumer goods the debtor has a right to recover in any event an amount not less than the credit service charge or time price differential plus 10 per cent of the cash price or principal amount of the debt.

"(2) The fact that a better price could have been obtained by a sale at a different time or in a different

method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the two preceding sentences with respect to sales also apply as may be appropriate to other types of disposition. The term 'commercially reasonable' includes among other things, obtaining approval of the secured party's plan of disposition in a judicial proceeding or by a bona fide creditors' committee or representative of creditors."

Appellant was given notice at the hearing on petition to open judgment that this section was involved; in the pleading, noncompliance with the section was raised in new matter; and at trial appellees were granted a motion to amend to specifically include this cause of action. Pa. R. C. P. 1033. In fact the appellant stated that the legality of their repairs to the boat and charges made upon this account were based upon the provisions of the code. The statute of limitations was no bar to this cause of action, and the appellant was not prejudiced. The statute need not have been specifically pleaded. *Goldberg v. Friedrich*, 279 Pa. 572, 124 A. 186 (1924); *Sheffit v. Koff*, 175 Pa. Superior Ct. 37, 100 A. 2d 393 (1953).

A reading of §9-507 of the code as it existed at the time of resale of the boat indicates the minimum recovery in the absence of notice, though all else may have been proper. That the boat was consumer goods may be inferred from the uncontradicted testimony as to their occupation, etc.

The fourth question raised by appellant is answered by the record. The claim upon which the verdict was found satisfies all the requirements of a counterclaim; it arose from the same transaction from which appellant's cause arose; and it is contractual in nature and its amount is capable of being calculated with mathematical certainty (though not required) as was in fact done. Pa. R. C. P. 1031. The counterclaim was not an attack on the Delaware judgment nor was the validity of the judgment questioned. It was, in fact, a claim independent of the Delaware proceedings based upon events which occurred subsequent to the entry of that judgment. "Subject to general equitable considerations, equitable relief from a valid judgment will be given to a party thereto if circumstances arise after the judgment is rendered which make it inequitable to enforce the judgment against him." Restatement of the Law, Judgments, §125; *Higbee Estate,* 372 Pa. 233, 93 A. 2d 467 (1953).

The last assignment of error was that the court erred in refusing a continuance, refusing to permit appellant to testify as to its general operation as to sending out notices and lastly, its refusal to charge as to estoppel, waiver and laches.

As to the continuance, the court below was correct in its ruling. Appellant was made aware of the importance of notice from the time of the original hearing on petition to open. In the pleadings, interrogatories, and pre-trial statement of questions and also by subpoena of all of its records for trial. They cannot now be heard to say that this came to them as a surprise. The refusal to permit testimony as to the general operation as to sending out notice was entirely proper, after it was admitted that no specific notice of the sale of the boat was given, there would be nothing to corroborate.

The finding for appellant on its judgment would relegate the defenses of waiver, laches and estoppel to the counterclaim. However, it is apparent that appellees knew nothing of what transpired in this matter subsequent to the repossession of the boat, and until the automobile was attached were not aware that anything more was claimed by appellant and then took immediate steps to protect themselves. The record cannot sustain these defenses.

A review of the entire record and the charge of the court indicates no abuse of discretion or obvious disadvantage resulting to the appellant. *Cutler v. Dushoff,* 192 Pa. Superior Ct. 37, 159 A. 2d 524 (1960).

Judgment affirmed.