## Commonwealth ex rel. Lukens *v.* Lukens, Appellant.

*Donald H. Pugh*, with him *Bell, Harvey, Pugh and Sinclair*, for appellant.

*J. McFadden*, with him *Garland D. Cherry*, for appellee.

OPINION BY SPAULDING, J., April 12, 1973:

Appellant William H. Lukens appeals from an order of the Court of Common Pleas of Delaware County directing him to pay his wife (appellee) $35 per week support. His sole contention is that the Act of June 24, 1939, P. L. 872, Section 733, as amended, 18 P.S. §4733, violates the Equality of Rights Amendment to the Pennsylvania Constitution[1] and the Equal Protection Clause of the Fourteenth Amendment.

We recently had occasion to consider a similar argument, challenging our statute allowing for awards of alimony pendente lite and costs to wives but not husbands,[2] in *Henderson v. Henderson*, 224 Pa. Superior Ct. 182, 303 A. 2d 843 (1973). The opinion of the court below in the instant case was there cited with approval:

"In Commonwealth ex rel. Lukens v. Lukens, May Term, 1972, No. F-19-149, Legal Intelligencer, Oct. 19, 1972 (Delaware Cnty.), affirmed, the Court of Common Pleas of Delaware County rejected the contention that Pennsylvania's support laws are violative of the equality of rights provision. The court reasoned . . . .: 'The non-support law is designed to enforce the marital obligations when it becomes necessary to do so. It is here emphasized that a woman obtains support only when there is a need and the husband has the ability to provide that need. It is clear that the Act of 1939 does not require the husband to do any more than what he

---

[1] Pa. Const., Article One, §27 (Adopted May 18, 1971).

[2] Act of May 2, 1929, P. L. 1237, §46, as amended, 23 P.S. §46.

originally consented to do by marrying his wife. . . . Thus, the Act of 1939 does not arbitrarily and capriciously operate to deny the equal rights of a male or a female solely because of sex, but realistically serves to solve a problem which arises from the relationship of marriage.

"[A] husband does have a right to seek support from his wife under the Act of June 24, 1937, P. L. 2405, sec. 3, 62 P.S. 1973 . . . [which] can easily be referred to as the counterpart of the Act of 1939, since a husband in need can seek support from his wife if she has the financial ability to provide for her husband's needs.

. . .

"The vast majority of support cases concern themselves with a petition filed by a wife. However, the Act of 1937 is sufficiently broad to allow a husband to seek support. Thus, the law does not arbitrarily deprive a husband from support as the respondent contends." *Henderson v. Henderson,* 224 Pa. Superior Ct. 303, 189 A. 2d 847 (Dissenting Opinion) (1973).

Since such a reciprocal arrangement exists under our support statutes, we hold that, while there may not be mathematically precise equality, these statutes create a substantial right to support for *both* sexes. Therefore, they do not deny rights based on the impermissible classification of the sex of the individual.

The court below also went on to distinguish *Corso v. Corso,* 120 P.L.J. 183 (Allegheny County 1972), on which appellant relies. The court noted that, like *Henderson,* supra, *Corso* (and its companion case)[3] dealt with Pennsylvania statutes which give rights to wives alone.[4] The statutory scheme there lacked the type of

---

[3] *Kehl v. Kehl,* 120 P.L.J. 296 (Allegheny County, 1972).

[4] *Corso* dealt with divorces from bed and board and *Kehl* dealt with awards of alimony pendente lite, counsel fees and costs.

reciprocity of rights on which the court below relied to uphold the act in the instant case.[5]

Order affirmed.

---

[5] See generally Brown, Emerson, Falk and Freedman, *The Equal Rights Amendment: A Constitutional Basis for Equal Rights for Woman*, 80 Yale L.J. 871 (1971) ; and Note, *Sex Discrimination and Equal Protection: Do We Need a Constitutional Amendment?*, 84 Harvard L.R. 1499 (1971), for discussions of the growing concern in this area of law, and especially in regard to the desirability of a federal equal rights amendment.