## Hess v. Hess

*Wiley A. Bucey, Jr.*, for plaintiff.
*William Claney Smith*, for defendant.

BROSKY, *J.*, July 16, 1974—On July 5, 1973, plaintiff, Patricia A. Hess, filed a complaint against her husband, Peter J. Hess, for support of herself and their three children, viz.: Therese, then aged nine years; Jacqueline, then aged eight years; and Peter J. Hess, Jr., then aged six years. Plaintiff alleged that defendant had a gross pay of $18,500 annually, and was seeking $575 monthly for support for herself and three children.

On July 9, 1973, at 2:00 p.m., defendant was served by the sheriff by personally handing him a true and attested copy of the complaint for support at his office at 810 Oliver Building, Pittsburgh, Pa.

Defendant filed a petition for a rule to show cause raising the question of jurisdiction over defendant and the cause of action or, in the alternative, preliminary objections raising question of jurisdiction over defendant and cause of action. Defendant filed a supplemental petition for a rule to show cause or, in the alternative, preliminary objections.

Although these petitions were filed in the office of the prothonotary, they were never presented to this court and, consequently, a rule to show cause was never granted.

Nevertheless, this court will consider the objections raised by defendant in his several petitions as though a rule were granted, so as to dispose of these matters.

The complaint for support was filed according to The Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, its amendments and supplements, 62 P.S. §2043.31, and, therefore, the question of jurisdiction falls of its own weight. This defendant, having been personally served with the complaint is in court, and this court has jurisdiction over him to determine the cause on its merits.

This court further comments that 20 counties in-

itiate cases for support in the domestic relations division; 4 counties initiate cases for support in the criminal division; 29 counties initiate cases for support partly in the criminal division and partly in the domestic relations division; 14 counties initiate cases for support in the district attorney's office exclusively, thus accounting for actions of support in the 67 counties in Pennsylvania.

Defendant also contends that the Act of June 24, 1939, P.L. 872, sec. 733, as amended, 18 P.S. §4733, violates the Equality of Rights Amendment to the Pennsylvania Constitution[1] and the Equal Protection Clause of the Fourteenth Amendment.

The substantive rights of the wife to support are derived from both the Act of December 6, 1972, P.L. 1068 (No. 334), sec. 1, 18 Pa.C.S.A. §4321, and the Act of June 24, 1937, P.L. 2045, sec. 3, as amended, 62 P.S. §1973.[2]

In the case of Commonwealth, ex rel. Lukens v. Lukens, 224 Pa. Superior Ct. 227 (1973) the court said (at p. 228):

". . . It is clear that the Act of 1939 does not require the husband to do any more than what he originally consented to do by marrying his wife . . . thus, the Act of 1939 does not arbitrarily and capriciously operate to deny the equal rights of a male or a female solely because of sex, but realistically serves to solve a problem which arises from the relationship of marriage.

---

1. Pennsylvania Constitution art. I, sec. 27 (adopted May 18, 1971).

2. The Act of June 24, 1937 provides, inter alia, "The husband, wife, child, . . . of every indigent person, whether a public charge or not, shall . . . care for and maintain . . . such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct."

" '[A] husband does have a right to seek support from his wife under the Act of June 24, 1937, P.L. 2405, sec. 3, 62 P.S. 1973 . . . [which] can easily be referred to as the counterpart of the Act of 1939, since a husband in need can seek support from his wife if she has the financial ability to provide for her husband's needs.

" ' . . .

" 'The vast majority of support cases concern themselves with a petition filed by a wife. However, the Act of 1937 is sufficiently broad to allow a husband to seek support. Thus, the law does not arbitrarily deprive a husband from support as the respondent contends.'

"Since such a reciprocal arrangement exists under our support statutes, we hold that, while there may not be mathematically precise equality, these statutes create a substantial right to support for both sexes. Therefore, they do not deny rights based on the impermissible classification of the sex of the individual."

The Civil Procedural Support Law of 1953, its supplements and amendments, (62 P.S. §2043.11) governs the procedure in actions for support. This court has made an intensive and comprehensive study of the Pennsylvania Rules of Civil Procedure, the Acts of Assembly and the case law of the Supreme and Superior Court, and concludes the Pennsylvania Rules of Civil Procedure are not applicable to actions of support unless specifically so stated. The purpose of the law, both common law and statutory law, is to provide support for the wife and children and in appropriate cases support for parents against their children. The Act of 1953, supra, does not provide nor require an answer to the complaint, nor does it provide procedure for preliminary objections.

Accordingly, this court dismisses defendant's petition and supplemental petition for a rule to show cause raising the question of jurisdiction over defendant and the cause of action or, in the alternative, preliminary objections raising question of jurisdiction over defendant and cause of action as though they had been properly filed and appropriate rule granted as this court desires to have this case heard on its merits. Thus, an order will be entered in accordance with this opinion and order this case on the appropriate trial list to be heard on its merits.

## ORDER

And now, July 16, 1974, the petition and supplemental petition for a rule to show cause raising the question of jurisdiction over defendant and the cause of action or, in the alternative, the preliminary objections raising question of jurisdiction over defendant and cause of action are hereby dismissed as though they were properly filed and rules granted as expressed in the accompanying opinion.

The parties hereto are ordered to proceed to a hearing on the merits of the case on September 20, 1974.