Commonwealth *v.* Feingold, Appellant.

Commonwealth ex rel. Feingold, Appellant,
*v.* Feingold.

Argued September 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Nonsupport. Before TREDINNICK, J.

Order entered in amount of $25.00, per week, for support of relatrix wife and $10.00, per week, for one child. Defendant, husband, appealed.

Nonsupport. Before TREDINNICK, J.

Order entered dismissing petition for support of child. Relator, father, appealed.

*Leonard Feingold*, appellant, *in propria persona*, at Nos. 1092 and 1093.

*Sheldon W. Farber*, for appellee at Nos. 1092 and 1093.

OPINION PER CURIAM, April 22, 1976:

Orders affirmed.

WATKINS, P.J., CERCONE and VAN DER VOORT, JJ., would affirm on the opinion of TREDINNICK, J., of the court below.

CONCURRING and DISSENTING OPINION BY SPAETH, J.:

I agree that the order of the lower court should be affirmed,[1] but not on the lower court's opinion. 99 Montg. Co. L.R. 231 (1975).

---

1. Because appellant has made no support payments in compliance with the orders of the lower court since December, 1973, I would have voted to quash the appeal. That is the appropriate order where an appellant's conduct is "flagrantly defiant of the order of court." *Commonwealth ex rel. Goodwin v. Goodwin*, 413 Pa. 551, 555, 198 A.2d 503, 505 (1964); *Commonwealth ex rel. Beemer v. Beemer*, 200 Pa. Superior Ct. 103, 188 A.2d 475 (1962). However, since arguing his own case before us, appellant has retained counsel. On March 29, 1976, counsel filed a petition for supersedeas. At the hearing on the petition, which was before me, counsel for appellant, and appellant himself, represented that appellant was willing to post a bond to protect appellee's rights under the lower court's order. The petition was granted on condition that $7,500 in cash or certified check was posted. On April 9, 1976, this was done. Because of this, I think it appropriate to consider the appeal on its merits.

I

Appellant would have us declare unconstitutional both the desertion and non-support provision of the former Penal Code, Act of June 24, 1939, P.L. 872, §733, as amended, 18 P.S. §4733, and its successor provision in the Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, §1, 18 Pa.C.S. §4322.[2] It is appellant's contention that to make only a husband - not also his wife - criminally responsible for non-support is a discrimination based on sex in violation of the Equality of Rights Amendment to the Pennsylvania Constitution,[3] and the Equal Protection Clause of the Fourteenth Amendment. I do not think this contention is properly before us.

The premise of the contention is that appellee's action for support was initiated under the Penal Code. However, appellee has consistently taken the position, both in her answers to appellant's numerous petitions below and in her brief to this court, that her petition for support and maintenance was filed under the Civil Procedural Support Law, Act of June 24, 1937, P.L. 2045, §3, as amended, 62 P.S. §1973, and Act of May 10, 1951, P.L. 279, §3, as amended, 62 P.S. §1973, and Act of May 10, 1951, P.L. 279, §3, 62 P.S. §2043.3. Brief for Appellee at 2, 9. The record tends to support appellee's

---

2. When appellee petitioned for support, the Penal Code was in effect. It provides: "If any husband, or father ... separates himself from his wife or from his children, or from wife and children, without reasonable cause, or neglects to maintain his wife or children, (1) his wife or children may file a petition ... setting forth the facts relating to the separation from or neglect to maintain his wife or children, or both .... The said court, after hearing in a summary proceeding, may order the person against whom complaint has been made or petition filed, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both...." The Penal Code, *supra*, §733, 18 P.S. §4733.

3. Pa. Const., Art. I, §28 (adopted May 18, 1971).

assertions. Moreover, it is the plaintiff who controls the form of the action brought. *See generally*, Pa.R.C.P. 1019, 1020, 12 P.S. Appendix. Nor need a plaintiff specify in the complaint the particular statute under which recovery is being sought. *Schwab v. P.J. Oesterling & Son, Inc.*, 386 Pa. 388, 126 A.2d 418 (1956); *Sheffit v. Koff*, 175 Pa. Superior Ct. 37, 100 A.2d 393 (1953).

In its opinion the lower court does not refer to appellee's position that her petition is not under the Penal Code but under the Civil Procedural Support Law. Instead the court states that it is "totally unclear whether the support proceedings against [appellant] were initiated under the criminal act cited above [the Penal Code], or the Act of June 24, 1937 ...." Opinion at 4. The court then states:

"The Court is inclined to believe the latter was utilized. Nevertheless, we will assume for present purposes, that the criminal act is involved ...." *Id.*
The court then proceeds to consider appellant's constitutional argument, and concludes that it "has been clearly and definitely decided" against appellant. Opinion at 5. In reaching this conclusion, the court particularly relies upon *Commonwealth ex rel. Lukens v. Lukens*, 224 Pa. Superior Ct. 227, 303 A.2d 522 (1973).

In my judgment, it was error for the lower court thus to reach to decide the constitutional issue. The majority now compounds the error. It is axiomatic that a court should not pass upon the constitutionality of a statute unless compelled to do so by the facts of the particular case. *Ashwander v. T.V.A.*, 297 U.S. 288, 341 (1936) (BRANDEIS, J., concurring). On the record before us, the case should be treated as a civil proceeding; the constitutionality of the criminal support law is not called into question.

Even if it be assumed that the constitutional issue is properly before us, still we should not decide it, either by approving the opinion of the lower court or otherwise. In the first place, appellant filed his brief and presented

oral argument *in propria persona.* Thus we have been deprived of the benefit of the reasoned presentation that counsel could give us; such a presentation is always important but it is critically so in the review of a constitutional issue. In the second place, in an appropriate case (which this is not), we should explicitly reassess *Lukens.* In my view, more recent decisions, such as *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974) deprive *Lukens* of much of its force.[4] *See also Stanton v. Stanton,* 421 U.S. 7 (1975); *Weinberger v. Weisenfeld,* 420 U.S. 636 (1975); *Frontiero v. Richardson,* 411 U.S. 677 (1973); *Reed v. Reed,* 404 U.S. 71 (1971).

## II

I agree, however, that the support order formulated by the lower court is fair to both parties and should be affirmed. The court found that the circumstances of the parties had changed since the order of June 26, 1973, specifically, that since October 1, 1973, appellee had been gainfully employed, and as of March, 1975, was earning $11,308. The court concluded that this change justified a substantial reduction of appellant's obligations, and it ordered appellant to pay $35 rather than $120 per week for the support of his wife and daughter ($25 for the wife and $10 for the child). The court also reduced the outstanding arrearages chargeable to appellant by over $6,000, and dismissed appellant's petition for support of his minor son. In its opinion the court has carefully explained its actions:

---

4. In *Conway v. Dana,* our Supreme Court said: "We hold that insofar as these decisions suggest a presumption that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support of minor children, they may no longer be followed .... Support, as every other duty encompassed in the role of parenthood, is the responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability." *Id.* at 539-540, 318 A.2d at 326.

"Each [party] has permanent custody of one child ....
[T]he Court concludes that the separate costs of
maintaining the two children in separate households
either is in fact equal, or for present purposes, should
be so considered. We consider, then, that each party
is fulfilling one-half the total obligation of support of
the two children .... [I]t is clear that defendant
[appellant] has a greater income than relatrix
[appellee]. In fact, he earns 57% of the combined
income of the parties. Since we have postulated that
each party is bearing one-half of the total child
support, a 7% adjustment factor in favor of relatrix
appears to be logical." Opinion at 11.[5]

I find no abuse of discretion in this disposition —
certainly there is no such abuse as requires us to reverse.
*See, e.g., Commonwealth ex rel. Voltz v. Voltz,* 168 Pa.
Superior Ct. 51, 53, 76 A.2d 464, 465 (1950). It appears to
me that the lower court gave appellant's claims careful
consideration, despite appellant's confusing and dis-
organized presentation.

I therefore agree that we should affirm the lower
court's order.

HOFFMAN, J., joins in this opinion.


DISSENTING OPINION BY PRICE, J.:

The record in this case shows that appellant has
made no support payments in compliance with orders of
the lower court since December, 1973. Therefore, since "a
study of the record of the case at bar indicates that
appellant's conduct is flagrantly defiant of the order of
court," I would quash his appeal without reaching its
merits. *Commonwealth ex rel. Goodwin v. Goodwin,* 413

---

5. In 1973, appellant's gross income from his salaried employ-
ment was $16,585.20. The lower court did not make new findings of
fact to establish his current income. Opinion at 9.