Bernard CONLON and Mary Conlon, Appellants,

v.

Cicero TENNANT, Appellee.

No. 15836.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 16, 1960.

Decided March 2, 1961.

882

Mr. Edward L. Genn, Washington, D. C., with whom Mr. Benjamin B. Brown, Washington, D. C., was on the brief, for appellants.

Mr. Denver H. Graham, Washington, D. C., with whom Mr. Albert E. Brault, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from a judgment based on a jury verdict for the defendant in an action to recover damages for personal injuries. Appellants'[1] primary contention is that the District Court erred in refusing to instruct the jury on the doctrine of last clear chance.

Appellant's version of the accident is that, while she was crossing the street with the traffic light in her favor, the light changed and she turned back and walked towards the streetcar loading platform, proceeding in the crosswalk. About three to five seconds after she turned, and before she reached the platform, she was struck by the appellee's automobile. Appellee's version is that appellant was standing on the loading platform and that she stepped or fell into the side of his car as he passed. There was also evidence that the point of impact was two feet off the platform and outside the crosswalk.

■■ Application of the doctrine of last clear chance "presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident." Dean v. Century Motors, Inc., 1946, 81 U.S.App. D.C. 9, 10, 154 F.2d 201, 202. From the appellee's testimony that he was unsure of his whereabouts and was looking for street signs immediately preceding the accident, the jury could have found that he was negligent in failing to keep a proper lookout or in not giving full time and attention to the operation of his vehicle. Similarly, the jury could have found that the appellant was contributorily negligent from evidence that she was not in the crosswalk when struck and that she failed to see appellee's approaching vehicle. Consequently, the jury could have found appellee to have been negligent and appellant to have been contributorily negligent under circumstances in which appellee should have been aware of the appellant's danger and taken the proper precautions to avoid the accident.

Appellee contends, however, that since, under the appellant's version of the accident she was in the crosswalk and hence not contributorily negligent, and since under his version of the accident she fell into the side of his car and he had no opportunity to avoid the accident, the elements of last clear chance could not have been present and the instruction was properly denied. Appellee relies on Hocheisen v. Smith, 1946, 81 U.S.App. D.C. 323, 158 F.2d 100, in which we affirmed the denial of a last clear chance instruction, stating:

"The jury could believe either version of the incident. If they believed plaintiff, the collision was due to the negligence of defendant-driver and to nothing else. If they believed defendant-driver, the collision was due to the act of plaintiff, and the facts recited by defendant-driver

[1]. Appellants are husband and wife. She sues to recover for injuries sustained and for loss of wages. He sues to recover medical expenses and loss of consortium. As used hereinafter, "appellant" will refer only to Mrs. Conlon.

left no room for applying the doctrine of last clear chance." 81 U.S. App.D.C. at page 323, 158 F.2d at page 100.

This, says appellee, implies that the jury can rely on either the appellant's or the appellee's story but not upon a combination of the two. We do not agree. In Hocheisen the facts were such that no combination of the two versions presented a last clear chance situation.[2] Here, however, since a synthesis does present such a situation, the court was required to give the instruction upon request.

This is clearly illustrated by our recent decision in Richardson v. Gregory, 1960, 108 U.S.App.D.C. 263, 281 F.2d 626. In that case, plaintiff's version of the accident was that he was struck by the overhang of defendant's car while he was standing on a loading platform; defendant's version was that plaintiff suddenly stepped off the platform into the side of his vehicle. Plaintiff's version negated contributory negligence; defendant's version tended to establish it in a manner which excluded the application of last clear chance. Neither party contended that the plaintiff had strayed off the platform and that there was sufficient time for defendant to have seen him and avoided the accident. Yet we held that, since the jury could have found these to be the facts by accepting some of the evidence of each litigant, the last clear chance instruction was appropriate.

Appellee further contends that, even if the evidence supports an instruction on the last clear chance, the instruction was properly refused because the issue was not raised in the pre-trial statements or at any other time before appellant requested such an instruction at the close of the trial.[3] We think, however, that, although appellant's pre-trial statement does not use the precise words "last clear chance," it does raise that issue, "with sufficient certainty and clarity to apprise the trial court and the opposing defendant of what they may expect in the course of the trial." Johnson v. Geffen, 110 U.S.App.D.C. ——, —— F.2d ——. In their statement, appellants assert in pertinent part: "The defendant was negligent in failing to use due care *under the circumstances when he knew or should have known that the female plaintiff was oblivious to the impending danger*." (Emphasis supplied.) And the pre-trial order states that plaintiff claims defendant failed "to use due care under the circumstances * * * *when he knew or should have known that the female plaintiff was oblivious to the impending danger* * * *." (Emphasis supplied.) The key words "oblivious to the impending danger" are central to the last clear chance doctrine; in effect, they concede contributory negligence and give notice that the evidence may cast a greater burden of care on the defendant. We think that this language in the pre-trial statements should have apprised the appellee that appellants intended to rely on the doctrine, so that any surprise expressed on the offer of the instruction was unwarranted.[4]

Reversed and remanded.

WILBUR K. MILLER, Chief Judge, dissents without opinion.

---

2. In that case defendant struck plaintiff's car from behind. Plaintiff testified that he had been stopped at a red light for almost a minute before the collision. Defendant said that the plaintiff's car had suddenly cut in front of her and stopped. Thus the only conceivable theory of contributory negligence in that case excluded last clear chance since there would have been no time for defendant to avoid the accident.

3. In Meadow Gold Products Co. v. Wright, 1960, 108 U.S.App.D.C. 33, 278 F.2d 867, we stated that we would not be lenient with counsel who, after utilizing the pre-trial procedures, fail to reveal the theory of their case until all the evidence is closed.

4. Appellants raise two other matters on this appeal. First they contend that it was reversible error for the trial court to admit testimony of the police officer who investigated the accident concerning which appellant was walking at the time. If there was error, it was not prejudicial since this testimony merely repeated evi-

dence already placed in the record by the appellants. Secondly, appellants contend the District Court erred in denying his motion to compel discovery of the extent of appellee's automobile liability insurance. However, matters of discovery are in large measure discretionary with the trial court. This court will not disturb the point of impact and the direction in the action of that court unless it was improvident and affected the substantial rights of the parties. In the posture of this case, we think it unnecessary to further consider this issue. Cf. Carter v. Baltimore & O. R. Co., 1945, 80 U.S.App. D.C. 257, 152 F.2d 129.