**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF BREMERTON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17303.**

United States Court of Appeals Ninth Circuit.

Oct. 17, 1961.

Marion Garland, Jr., Bremerton, Wash., for appellant.

Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and Raymond N. Zagone, Attorneys, Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., and James F. McAteer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

PER CURIAM.

The judgment in this case is affirmed for the reasons and upon the grounds stated in the opinion of the District Court, Sands v. United States and United States v. Sands, 198 F.Supp. 880.

In its brief on appeal appellant undertook to argue that the trial court was in error in adjudicating that the United States was entitled to specific enforcement of the agreement to execute a lease for the reason that the promised rental

was substantially less than the reasonable rentable value of the premises and hence that the promised consideration for the lease was inadequate. Appellant relies upon the rule that if a contract for the conveyance of real property or an interest therein is inequitable and unfair because of inadequate consideration, a court of equity will decline specific enforcement. In this case certain witnesses testified giving their opinions as to the reasonable rental value of the premises here involved and the sums stated by them were substantially in excess of the rental agreed in the contract for lease referred to in the trial court's opinion. The trial court made no findings as to the reasonable rental value and gave no consideration to the question of whether the agreed rental was or was not inadequate.

The appellee's brief takes issue with the contention that the rental was inadequate and notes that the record here shows that during the pendency of the appeal one Mentor, an experienced dealer in real estate, had purchased the interest of the appellant in the premises for the full amount of the appellant's investment therein, and without any deduction in the purchase price which might be anticipated were the rent reserved inadequate or below its fair value.

If the question of adequacy of consideration had been made an issue in this case we might possibly find it necessary to remand the cause to the district court with directions to make a finding upon the question of the adequacy of consideration. However, the case was tried after a pretrial conference and on entry of an order defining the issues to be tried and setting forth the contentions of the parties with respect to the facts and the law. The question of the adequacy of the consideration and the fairness of the contract was not listed as an issue in the pretrial order which undertook to set forth all of the issues of fact and of law to be tried and determined by

the court. The pretrial order made it plain that the Government sought an adjudication of its right to enforce the agreement to lease. Notwithstanding this there was no apparent effort to state an issue as to whether the contract was unconscionable, inequitable or unfair, or that it provided for an inadequate consideration.

It appears from a portion of the certified record which has now been printed that after the trial court's findings had been filed, appellant filed exceptions thereto in which it undertook to argue the question "whether or not this court, as a court of equity, should specifically enforce the proposed lease of the Government". In connection with the argument it was contended that the lease called for less than the fair rental value of the premises.

For the reason we have suggested, the trial court was not obliged to take any action in response to this argument of the appellant since the issues before the court had been completely defined and formulated in the pretrial order mentioned. As noted in Rule 16 F.R.Civ.P., 28 U.S.C.A., the purpose of such a pretrial order is "the simplification of the issues".

It is true that at the trial evidence as to the higher fair rental value of the premises was received by the court, apparently without objection, but such evidence was properly admissible upon another issue, one raised by the defendant Sands who was seeking to recover from the United States the sum of $330 per month for the period of its occupancy which Sands asserted to be that of a tenant at will. For this reason it cannot be argued that the receipt of the evidence as to the rental values enlarged the issues because of a failure to object to the receipt of the value evidence.[1]

We need not comment upon the impropriety of this Court considering re-

1. Hence we do not reach here the question whether the receipt of the evidence without objection would operate in the manner described in Rule 15(b) so that the pretrial order would be deemed amended. See Bucky v. Sebo, 2 Cir., 208 F.2d 304, and Rosden v. Leuthold, 107 U.S.App.D.C. 89, 274 F.2d 747.

versal of a district court judgment for failure to pass upon an issue which was never framed for consideration by that court.