**Earnest Lee HOBLEY, Appellant,**

v.

**LAW OFFICE OF S. HOWARD WOODSON, III, Appellee.**

**No. 08–CV–446.**

District of Columbia Court of Appeals.

Submitted Oct. 8, 2009.

Decided Nov. 19, 2009.

Earnest Lee Hobley, pro se.

Appellee did not file a brief.

Before THOMPSON, Associate Judge, and STEADMAN and SCHWELB, Senior Judges.

THOMPSON, Associate Judge:

Appellant Earnest Lee Hobley challenges the Superior Court's order granting summary judgment in favor of appellee, S. Howard Woodson, III, in appellant's suit against Woodson for legal malpractice, which the court construed broadly as presenting claims for both malpractice and breach of contract. We affirm the order of summary judgment as to the legal malpractice claim. With respect to the breach-of-contract claim, we affirm the trial court's ruling insofar as it is premised on the court's finding that appellant cannot prove that Woodson's conduct caused him to lose on his claim (in his underlying federal court action) for damages for racial discrimination. However, we remand to the trial court to determine whether appel-

lant may proceed on a breach-of-contract claim to recover fees that he paid to Woodson.

## I.

Woodson represented appellant in a lawsuit brought in the United States District Court for the Western District of Virginia, alleging that appellant's former employer, Boddie Noell Enterprises, Inc. ("BNE"), terminated him from his position as an assistant manager of a Hardee's restaurant on account of his race.[1] In that case, after BNE filed a motion for summary judgment, Woodson failed to file an opposition. The District Court (the Honorable Norman K. Moon) treated the motion as conceded and entered summary judgment against appellant. Proceeding *pro se*, appellant sought reconsideration. Judge Moon declined to disturb the summary judgment ruling, concluding, *inter alia* (after considering the transcript of appellant's deposition in the case,[2] sworn statements from appellant's co-workers and others, and appellant's pleadings seeking reconsideration), that no reasonable jury could have found in appellant's favor on his racial discrimination claim. The United States Court of Appeals for the Fourth Circuit affirmed Judge Moon's summary judgment ruling and the denial of recon-

sideration, *see Hobley v. Boddie–Noell Enterprises, Inc.*, 68 F. App'x 482 (4th Cir. 2003) (per curiam), and the United States Supreme Court declined to review the case. *See* 541 U.S. 976, 124 S.Ct. 1881, 158 L.Ed.2d 473 (2004).

■ Appellant subsequently filed this action for legal malpractice in the Superior Court. Woodson filed a motion for summary judgment on the ground that appellant needed, but had failed to name, an expert to establish the standard of care. The Honorable Patricia Broderick denied that motion. After Judge Broderick's caseload transferred to the Honorable Lynn Leibovitz, Woodson filed a second motion for summary judgment on the basis of lack of personal jurisdiction and res judicata. Judge Leibovitz rejected those arguments, but—newly apprised of Judge Moon's ruling on appellant's motions for reconsideration, in which Judge Moon made clear that he would have granted BNE's motion for summary judgment on the merits even if Woodson had filed an opposition—allowed supplemental briefing by the parties on the issue of whether appellant would be able to prove that he sustained any damages from Woodson's malpractice.[3]

■ Having considered the parties' written and oral arguments, Judge Leibo-

---

1. Appellant explains in his brief to this court that after the store manager asked him whether he had stated that "no man tells me what to do, white, green, yellow or blue," the manager told him, "this white man don't want black man to work for him [no] more" and demanded that he relinquish the store keys.

2. According to a February 22, 2005 report of the Fourth District II Subcommittee of the Virginia State Bar (which appellant cited in his Complaint and which is included in his Appendix on appeal), appellant admitted in his deposition that, among other things, he threatened to pour hot oil on one of his subordinate employees at Hardee's; yelled "F— you!" at another subordinate employee during

a confrontation and called that employee a "stupid little girl;" and accused yet another employee of being a "white man's flunkie" and informed her that "no white man was going to tell him what to do."

3. As Judge Leibovitz recognized, to succeed on a legal malpractice claim, a plaintiff "must show that the attorney's omission 'resulted in and was the proximate cause of a loss to the client' "—in other words, that "but for the [l]awyer's failure," the plaintiff "would have had judgment." *Flax v. Schertler*, 935 A.2d 1091, 1102 n. 7 (D.C.2007) (quoting *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C.1985)).

vitz announced her ruling on the record on February 29, 2008. In entering summary judgment against appellant, she explained:

> Judge Moon had absolutely everything in front of him by the time he ruled on the second motion for reconsideration that he ever could have had if Mr. Woodson had done the job demanded of him as an attorney in this case.... [E]ven if he had, Judge Moon still would have granted summary judgment.

Accordingly, Judge Leibovitz found that appellant could not "establish injury resulting from the alleged legal malpractice or from an alleged breach of contract arising from [appellee's] failure to operate within the standard of care in the underlying ... lawsuit."[4]

▮▮▮ In his brief in this appeal, appellant argues that Judge Leibovitz improperly applied the doctrine of res judicata to foreclose his legal malpractice claim. However, he misapprehends Judge Leibovitz's ruling.[5] The "principle of res judicata precludes relitigation of the same claim between the same parties." *Elwell v. Elwell,* 947 A.2d 1136, 1139–40 (D.C.2008)

(citation, italics, and internal quotation marks omitted). Judge Leibovitz did not treat Judge Moon's ruling as having resolved appellant's legal malpractice claim and did not treat this action as a relitigation of that claim; thus, she did not apply the doctrine of res judicata. Rather, Judge Leibovitz found as a matter of fact (1) that when Judge Moon ruled on appellant's motions for reconsideration, he had before him every piece of pertinent evidence that appellant has offered in support of his racial discrimination claim; and (2) that Judge Moon concluded on the full record (which included appellant's deposition and the affidavits submitted by BNE) that he would have entered summary judgment against appellant on his racial discrimination claim even if Woodson had filed a timely opposition to BNE's motion for summary judgment. It was Judge Leibovitz who, taking that background into consideration, found in the first instance that, as a matter of law, appellant would be unable to show in his legal malpractice case that he suffered any loss in his racial discrimination case as a result of Woodson's negligence. As appellant has given

4. In entering summary judgment, Judge Leibovitz considered a document appellant provided from "the Virginia Unemployment Services," a document that Judge Moon did not have when he made his rulings. Judge Leibovitz explained that the Virginia agency found that appellant "had not been fired for work-related reasons" because the "employer [failed] to file proper procedure [sic] to establish that [appellant] had been fired for work-related reasons...." Judge Leibovitz concluded that the agency decision, which was based on BNE's failure to follow certain procedural requirements in responding to appellant's claim for unemployment compensation, "was simply an administrative determination regarding unemployment benefits that did not address any of the questions raised by" appellant's employment-discrimination lawsuit and that "would not be relevant or probative in this action" or "the underlying [employment-discrimination] action...." We discern no

error in Judge Leibovitz's ruling on these points.

5. Appellant also argues that Judge Leibovitz improperly "over rule[d]" Judge Broderick. This argument has no merit. The sole basis of Judge Broderick's ruling was that Woodson was not entitled to summary judgment on the ground that appellant had no expert witness. Judge Broderick stated explicitly that her ruling was "limited" to allowing the case to proceed without an expert witness. Where a successive motion for summary judgment is not "substantially similar" and is not a "a simple renewal of the first motion," a trial judge does not "violate the 'law of the case' doctrine by entertaining and granting [the successive] motion for summary judgment." *Tompkins v. Washington Hosp. Ctr.,* 433 A.2d 1093, 1095, 1098 (D.C.1981).

us no reason to question Judge Leibovitz's factual findings, we have no basis to disturb her ruling that appellant "cannot establish injury as to legal malpractice."[6]

Judge Leibovitz explained in her bench ruling that she read appellant's complaint in part as a breach-of-contract claim, in light of his repeated question, "you're ... saying that I could hire this lawyer, pay him to do a job for me, and he didn't do it, and ... that's fine?" Although Judge Leibovitz correctly concluded that appellant would be unable to show, either on a malpractice theory or on a breach-of-contract theory,[7] that Woodson's conduct in handling the racial discrimination case caused appellant to lose a damages award in that case, she did not consider whether appellant sustained any contract damages from having paid a fee to Woodson to perform work (such as opposing BNE's summary judgment motion) that Woodson failed to perform. We note that the Virginia State Bar subcommittee directed Woodson to reimburse appellant $589.68 for fees paid. The record before us does not indicate whether Woodson actually repaid that amount to appellant. We remand to enable the trial court to determine whether appellant has remaining a claim for recovery of fee amounts paid, pursuant to his breach-of-contract theory.[8] In all other respects, the judgment of the trial court is

*Affirmed.*

---

6. On this record, appellee Woodson emerges virtually unscathed from his failure to file a responsive brief. We caution, however, that an appellee's failure to file a brief "is a factor that we may appropriately consider in our calculus." *Rhea v. Designmark Serv.*, 942 A.2d 651, 655 (D.C.2008) (quoting the stern warning issued by the court in *Wailes v. Rocky Mountain Pre–Mix Concrete*, 783 P.2d 1138, 1138 n. 1 (Wyo.1989), that "summary reversal without extended review could realistically be expected in future cases where an appellee does not file an appellate brief").

7. *See Adams v. A.B. & A., Inc.*, 613 A.2d 858, 860 (D.C.1992) (no recovery in breach-of-contract case where plaintiff failed to prove dam-ages); *Manes v. Dowling*, 375 A.2d 221, 224 (D.C.1977) (plaintiff must prove damages "that were in fact the direct result of the injuries caused by the defendant").

8. In addition, because the record does not indicate whether Woodson notified Bar Counsel of the Virginia State Bar discipline (a private admonition with terms, subject to imposition of a more severe public admonition with terms if the original terms and conditions were not met), we shall refer this matter to Bar Counsel to determine whether to seek publication of the fact of that discipline by appropriate means in this jurisdiction. *See* D.C. Bar R. XI, § 11(c).